UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL HOLDER,
            Plaintiff,

v.                                                           Case No. 19-C-1194

CNH INDUSTRIAL AMERICA LLC,
            Defendant.

## DECISION AND ORDER

Michael Holder operates a cotton farm in Arkansas. He alleges that he suffered economic losses after purchasing defective Module Express cotton pickers that were manufactured by defendant CNH Industrial America, LLC, in Wisconsin. The plaintiff purchased his pickers from CNH dealers in Arkansas. The plaintiff contends that CNH made deceptive marketing statements about the Module Express and that the pickers he purchased were not merchantable. The plaintiff brings claims against CNH for violation of Wisconsin's Deceptive Trade Practices Act ("DTPA"), breach of the implied warranty of merchantability, and unjust enrichment. After I decided motions to dismiss and motions for more definite statements that CNH filed in six related cases, the plaintiff filed an amended complaint. CNH now moves to dismiss the amended complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

Today, I issued an opinion in the related case of *T&M Farms, et al. v. CNH Industrial America, LLC*, Case 19-C-85, in which I granted CNH's motion to dismiss the amended complaint filed there. The reasoning of my decision in that case applies with equal force to the plaintiff's claims here, which are based on materially indistinguishable

1

facts and the same legal theories. Thus, in this opinion, I will only briefly identify the reasons for dismissing the amended complaint and will incorporate the full legal analysis set forth in Case 19-C-85.

First, the plaintiff's claim under the Wisconsin DTPA must be dismissed because the DTPA does not apply to advertising statements disseminated outside of Wisconsin, even if the advertiser who disseminated the statements was physically located in Wisconsin at the time. Because there are no cotton farms in Wisconsin, CNH did not market Module Express pickers in Wisconsin. Moreover, the plaintiff encountered and acted upon CNH's marketing statements in Arkansas. Therefore, the plaintiff's DTPA claim will be dismissed.

Second, the plaintiff's claim for breach of the implied warranty of merchantability must be dismissed because the plaintiff did not enter into a contract for the sale of goods with CNH. The facts alleged in the amended complaint show that the plaintiff purchased his pickers from an independent dealer rather than from CNH, and therefore the contract for sale and any implied warranty of merchantability arose between the plaintiff and the dealer.

Third, the plaintiff's claim for unjust enrichment must be dismissed because the plaintiff has not alleged facts giving rise to a reasonable inference that he conferred a benefit on CNH or that CNH's retention of any benefit conferred would be unjust.

For these reasons, **IT IS ORDERED** that CNH's motion to dismiss the amended complaint (ECF No. 21) is **GRANTED**. The Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2020.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge